IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES EARL WARE,          )
                                      )
         Petitioner,      )
                                      )
                                      )     CIV-07-1328-M
v.                                )
                                      )
DAVID PARKER, Warden,    )
                                      )
         Respondent.    )

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

       Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the conviction for Rape in the First Degree entered in the District Court of Oklahoma County, Case No. CF-2003-4319, after former conviction of two or more felonies, for which he is serving a sentence of twenty years of imprisonment. Respondent has responded to the Petition and filed the relevant state court records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be denied.

I. Background

       Petitioner was charged on August 7, 2003, in the District Court of Oklahoma County,

Oklahoma, with the offenses of Lewd Acts with a Child Under Sixteen and Rape in the First Degree. The information alleged that both offenses occurred over a one year time span and involved a female child. Petitioner was charged with having committed the offenses after seven prior felony convictions. In an amended information filed December 15, 2003, Petitioner was charged with having committed three separate counts of Lewd Acts with a Child Under Sixteen, one count of Rape in the First Degree by Instrumentation, and one count of Rape in the First Degree, all of which were alleged to have occurred between June 1, 2001 and March 31, 2002. A non-jury trial on the offenses was conducted on November 2-3, 2004. At the beginning of trial, the prosecution moved to strike the last two prior felony convictions alleged in the information. At the conclusion of the two day trial, the court found Petitioner guilty of Rape in the First Degree and one count of Lewd Acts with a Child Under Sixteen, both after former conviction of two or more felonies. Petitioner was found not guilty of the remaining three charges. Petitioner was sentenced to twenty years of imprisonment for each conviction, and the presiding judge ordered the sentences to run concurrently with each other.

Petitioner appealed the convictions to the Oklahoma Court of Criminal Appeals ("OCCA"), and in his brief he asserted that (1) insufficient evidence was presented at trial to support his convictions and (2) the information filed in the case violated his rights under the Due Process Clause because it did not adequately apprise him of the charges against him. The State responded in opposition to these claims. In an opinion issued June 14, 2006, the OCCA affirmed the conviction for Rape in the First Degree and reversed the conviction for

Lewd Acts with a Child Under Sixteen, finding that the evidence was not sufficient to sustain this conviction.

Petitioner filed an application for post-conviction relief in the district court, and the trial court denied the application. Petitioner attempted to appeal the decision to the OCCA. However, the OCCA entered an order on June 21, 2007, in which the appellate court dismissed the attempted post-conviction appeal as untimely. Petitioner thereafter sought leave to file his post-conviction appeal out of time, but the district court denied relief, and the OCCA affirmed the decision denying Petitioner's request for an out-of-time post-conviction appeal.

Petitioner now seeks federal habeas relief concerning his conviction in Case No. CF-2003-4319. Petitioner raises four grounds for relief in his Petition, although the claims alleged in grounds one and two of the Petition are identical. In grounds one and two, Petitioner asserts that there was not sufficient evidence presented at his trial to support the conviction. In ground three, Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of trial counsel. In ground four, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of appellate counsel. Petitioner states that the issues raised in grounds one and two were presented in his direct appeal and the issues raised in grounds three and four were first raised in his post-conviction application.

Respondent contends that the evidence presented at Petitioner's trial was sufficient to support the finding of guilt beyond a reasonable doubt and that Petitioner's procedural default of the claims urged in grounds three and four bars federal habeas review of the merits

of these Sixth Amendment claims.

II. Standard of Review

Because the claim raised by Petitioner in grounds one and two was adjudicated on its merits by the OCCA in Petitioner's direct appeal, the standard for reviewing this claim is prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). With respect to the legal issue presented in this claim, habeas relief may be awarded only if the appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). Federal courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. The "state court decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions." Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(per curiam). "[A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision

contradicts them.'" Id. (quoting Early v. Packer, 537 U.S. 3, 8 (2002)(*per curiam*)).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). As to any factual issues raised in grounds one and two, the court must determine whether the state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, AEDPA mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. Sufficiency of the Evidence

In grounds one and two, Petitioner contends that the evidence was not sufficient to support his conviction for Rape in the First Degree. As support for this claim, Petitioner asserts that "there was no physical evidence or D.N.A. evidence because I didn't do it."

Petition, at 5.  Petitioner refers to the brief he filed in his direct appeal as further support for his claim.

Judicial review of Petitioner's habeas challenge to the sufficiency of the evidence presented at trial "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993).  For habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting Jackson).  Both direct and circumstantial evidence is considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir.), cert. denied, 523 U.S. 1110 (1998).  In applying this standard, the court "may not weigh conflicting evidence nor consider the credibility of witnesses," but must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" Messer, 74 F.3d at 1013 (quoting Grubbs v. Hannigan, 982 F.2d 1483, 1487(10th Cir. 1993)).

In this case, the sufficiency of the evidence inquiry is based on Oklahoma law which defines the substantive elements of the crime. Jackson, 443 U.S. at 309, 324 n.16.  Rape is defined in Oklahoma as "an act of sexual intercourse involving vaginal or anal penetration accomplished with a male or female who is not the spouse of the perpetrator ... [w]here force or violence is used or threatened, accompanied by apparent power of execution to the victim

6

or to another person." Okla. Stat. tit. 21, §§1111(A), 1114(A)(3).

In the OCCA's decision rejecting this claim in Petitioner's direct appeal, the OCCA made factual findings concerning the evidence presented at Petitioner's trial. The OCCA found:

> D.P. testified Ware molested her on several occasions while babysitting her at his parent's house when she was 12 years old. She testified he did the same types of things to her at her house and related a specific instance where he attempted unsuccessfully to remove her pants. Her testimony revealed only one occasion in which he actually penetrated her. Her testimony was somewhat corroborated by her younger brother who testified that he walked in on Ware kissing D.P. early one morning while everyone else was still asleep. Ware denied having sex with or attempting to have sex with D.P. He claimed D.P.'s younger brother lied about what he saw because Ware caught him having sex with D.P. He explained he did not report the children's sexual contact because he feared both would be beaten by their mother.

Response, Ex. 3, at 2.

Petitioner has not overcome the presumptive correctness of these factual findings with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). With respect to Petitioner's claim of insufficient evidence to support the first degree rape conviction, the OCCA found that the evidence was sufficient to support the conviction based on the victim's testimony that Petitioner penetrated her on one occasion. The OCCA's decision is not contrary to or an unreasonable application of the clearly established Jackson standard, nor is it based on an unreasonable determination of the facts in light of the evidence presented at Petitioner's trial.

Petitioner asserts in his Petition that "physical evidence" was necessary to support

the finding of guilt.[1]  Physical evidence such as DNA test results is circumstantial evidence.

Such circumstantial evidence allows the jury to infer from all of the circumstances whether

or not the defendant committed the offense.  In Oklahoma, it is well established that "the law

makes no distinction between direct and circumstantial evidence; either, or any combination

of the two, may be sufficient to support a conviction." Pavatt v. State, 159 P.3d 272, 285

(Okla. Crim. App. 2007), cert. denied, __ U.S. __, 128 S.Ct. 1229 (2008).  Thus, Petitioner's

claim is without merit.

       In Petitioner's direct appeal, Petitioner asserted that the evidence was insufficient

because the trial judge shifted the burden of proof to Petitioner to prove his innocence.

Petitioner pointed to a portion of the trial judge's statement made in open court at the

conclusion of the trial in which the trial judge set forth the rationale for her decision.  In the

portion of the trial judge's statement relied on by Petitioner in his direct appeal, the judge

stated "[a]nd I will tell you what persuaded me that the State had met their burden of proof

was the testimony of the Defendant in this particular case.  Up to that point my mind was

very open and still not certain that the State was going to meet their burden of proof.  But,

I believe Mr. Ware's testimony is what finally convinced me." Trial Transcript, at 182.

Petitioner asserted that the Supreme Court's opinion, Addington v. Texas, 441 U.S. 418, 423

(1979), supported his argument.  However, the Court's decision in Addington addressed the

---

[1]Petitioner did not raise this particular claim in his direct appeal.  However, despite his failure to exhaust this issue in the state courts, the claim should be denied on its merits, and under these circumstances exhaustion of state court remedies is not required. 28 U.S.C. § 2254(b)(2).

standard of proof necessary to support a civil commitment consistent with the patient's right

to due process.  It is the Supreme Court's decision in In re Winship, 397 U.S. 358, 364

(1970), in which the Court established that "the Due Process Clause protects the accused

against conviction except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged."

As the OCCA explained in its decision in Petitioner's direct appeal, Petitioner's

"claim is based on a statement made by the trial judge.  She stated that Ware's testimony on

his own behalf convinced her the prosecution had met its burden of proof." Response, Ex.

3, at 2-3.  After reviewing the relevant law concerning this issue, the OCCA found that at

Petitioner's trial

> [w]hen the evidence had been submitted, the trial judge outlined
> her findings, noting that the law allows the finder of fact to
> believe or disbelieve all or part of the testimony presented.  She
> listed body language, tone of voice, attitude and demeanor as
> factors she considered in making her credibility decisions.  After
> considering all the evidence, she found the testimony of the
> child victim and her younger brother credible, and rejected
> Ware's testimony.  The trial judge's remarks, read in their
> entirety, do not support a finding that she did not follow the law
> or improperly shifted the burden of proof; rather, they show she
> weighed the evidence and decided the facts.

Response, Ex. 3, at 4 (footnote omitted).  Petitioner's argument in his direct appeal focused

on only a small portion of the trial judge's statement at the conclusion of the trial.  No

impermissible burden shifting is evident when the judge's entire statement is considered.

Rather, the trial judge was informing Petitioner that the prosecution had met its burden of

showing his guilt beyond a reasonable doubt absent any contrary evidence presented by the

Petitioner.  The OCCA's rejection of this claim is not contrary to or an unreasonable application of clearly-established Supreme Court jurisprudence.

IV. <u>Procedural Default</u>

In Petitioner's third and fourth grounds for habeas relief, Petitioner contends that he was denied effective assistance of trial counsel and appellate counsel.  Petitioner admits that these claims were not raised in his direct appeal and were first raised in his application for post-conviction relief.  He also admits that his post-conviction application was denied and that his attempted appeal of the post-conviction application was dismissed on the ground that it was not timely filed.

The OCCA declined to exercise jurisdiction of Petitioner's untimely-filed post-conviction appeal pursuant to Rule 5.2(C), Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. Response, Ex. 4. This procedural rule requires a party seeking to appeal from a final post-conviction order to file a petition in error and brief with the OCCA within thirty days from the date the final order was filed with the clerk of the trial court.  The rule further provides that failure to timely file the petition in error "is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for this Court to consider the appeal." Rule 5.2(C)(5).  The OCCA found that the district court's order was filed in the district court on April 24, 2007, and that Petitioner's petition was not filed until May 25, 2007, beyond the thirty day deadline.

Respondent contends that the Petitioner's Sixth Amendment claims in grounds three and four were dismissed by the OCCA on independent and adequate state grounds and that

these claims are therefore procedurally barred from federal habeas review due to Petitioner's state court procedural default.

On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice.  Bousley v. United States, 523 U.S. 614, 622(1998); Sawyer v. Whitley, 505 U.S. 333, 338-339(1992); Coleman v. Thompson, 501 U.S. 722, 750(1991); Hickman v. Spears, 160 F.3d 1269, 1271(10th Cir. 1998).

"'A state court's finding is considered independent if it is separate and distinct from federal law.'" Klein v. Neal, 45 F.3d 1395, 1397(10th Cir. 1995)(quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353(10th Cir. 1994), cert. denied, 515 U.S. 1135(1995)(internal quotations omitted)).  "'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" Id.(quoting Brecheen, 41 F.3d at 1353)(internal quotations omitted).

The Tenth Circuit Court of Appeals has expressly found that OCCA's reliance on Rule 5.2 is an adequate and independent state ground for the court's decision that forecloses federal habeas review of the same defaulted claims. Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998), cert. denied, 525 U.S. 933 (1998). See also Johnson v. Champion, 288 F.3d 1215, 1226 n. 3 (10th Cir. 2002).  Accordingly, in order to obtain federal habeas review of his defaulted claims, Petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or he must demonstrate that the failure to

consider his defaulted claims will result in a miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

"'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him....'" <u>Steele v. Young</u>, 11 F.3d 1518, 1522 (10th Cir. 1993)(quoting <u>Coleman</u>, 501 U.S. at 753).  In his Petition, Petitioner asserts that it was the failure of the court clerk to "file [his pleadings] timely" that caused the untimely filing of his post-conviction appeal. Petition, at 4.  The OCCA addressed this same allegation in Petitioner's appeal of the district court's denial of his application to pursue his out-of-time post-conviction appeal.  The OCCA concluded that

> nothing within the record supports Petitioner's claim that his appellate pleadings suffered from any unreasonable delays in the filing process.  Instead, the record reveals that it was Petitioner's delivery of his appellate pleadings for mailing only two days before his appeal deadline that was the cause of their untimely filing.  Accordingly, the District Court's order should be affirmed, as Petitioner has failed to show himself entitled to an out-of-time post-conviction appeal.

Response, Ex. 5, at 3.

Petitioner does not provide any evidentiary support for his assertion of cause for his procedural default, and Petitioner has not shown that the OCCA's factual findings were erroneous.  Thus, Petitioner has not demonstrated cause for his state court procedural default of his Sixth Amendment claims.

The fundamental miscarriage of justice exception to the procedural default doctrine applies only in cases where the habeas petitioner can show that the claimed errors "'probably

resulted in the conviction of one who was actually innocent.'" <u>Sellers v. Ward</u>, 135 F.3d

1333, 1338 (10th Cir.)(quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)(internal quotations

omitted)), <u>cert. denied</u> <u>sub nom.</u> <u>Sellers v. Gibson</u>, 525 U.S. 1024 (1998).  <u>See</u> <u>Herrera v.</u>

<u>Collins</u>, 506 U.S. 390, 404 (1993)("The fundamental miscarriage of justice exception is

available only where the prisoner supplements his constitutional claim with a colorable

showing of factual innocence."); <u>Magar v. Parker</u>, 490 F.3d 816, 820 (10th Cir.

2007)(fundamental miscarriage of justice exception "is a markedly narrow one, implicated

only in 'extraordinary case[s] where a constitutional violation has probably resulted in the

conviction of one who is actually innocent'")(quoting <u>Phillips v. Ferguson</u>, 182 F.3d 769,

774 (10th Cir .1999).   Although Petitioner claims he is innocent, he has provided no

evidentiary support for this assertion.  Because Petitioner has failed to show either cause and

prejudice[2] or a fundamental miscarriage of justice that would excuse his state court

procedural default, federal habeas review of his defaulted claims is foreclosed, and his

defaulted claims in grounds three and four of the Petition must be denied.


## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  The parties are advised of their

---

[2]Petitioner's failure to show cause for his default renders it unnecessary to address the issue of prejudice because both cause and prejudice are necessary to satisfy the first exception to the procedural default doctrine. <u>Coleman</u>, 501 U.S. at 750; <u>Ellis v. Hargett</u>, 302 F.3d 1182, 1186 (10th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1236 (2003).

respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___April 24th___ , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The parties are further advised that failure to make timely objection to this Supplemental Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___4th___ day of ___April___, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE